IRVING, J.,
Concurring in Part and Dissenting in Part.
¶ 13. I agree that we are unable to discharge our appellate oversight responsibilities given the state of the record before us. However, I do not believe that the case should be reversed and remanded. I believe that we ought to hold our decision in abeyance pending a supplementation of the record. I would enter an order to that effect rather than reverse and remand. Therefore, I respectfully dissent from that portion of the majority opinion which remands and permits a full hearing on remand.
¶ 14. I see no need for a remand because proceedings already have been held on the act of delinquency allegedly committed by J.D.W. The remand is not based on an erroneous evidentiary ruling in those proceedings; it is predicated upon the fact that the appellate record is insufficient to allow us, as a reviewing court, to say with confidence that the trial record supports the judgment. As already stated, I agree with this assessment. However, it is the responsibility of the appellant to provide a record which will support his allegations of error. The majority points out that the appellant designated as a part of his record on appeal the transcript of the hearing before the youth court judge. This may be true, yet, it remained his responsibility to see that the transcript was included. He failed to do so. Consequently, I find no basis for holding anyone else responsible for the absence of the transcript.
¶ 15. Since a brief was not filed on behalf of Lawrence County or the State and since the transcript of the proceedings in the trial court was not included in the appellate record, I would order a supplementation of the record and resolve the issues based on the allegations of error contained in the appellant’s brief, consistent with our standard of review when the appellee fails to file a brief.
LEE, P.J., AND GRIFFIS, J., JOIN THIS SEPARATE WRITTEN OPINION.